**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carlos Esparza, | No. CV-20-00142-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Carlos Esparza's Application for Supplemental Security Income benefits by the Social Security Administration (SSA) under the Social Security Act ("the Act"). Plaintiff filed a Complaint (Doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 22, "Pl. Br."), Defendant SSA Commissioner's Answering Brief (Doc. 34, "Def. Br."), and Plaintiff's Reply (Doc. 35, "Reply").[1] The Court has reviewed the briefs and Administrative Record (Doc. 19, "R."), and now affirms the Administrative Law Judge's ("ALJ") decision, (R. at 11–39).

. . . .

---

[1] Plaintiff's Opening Brief and Reply are both mistakenly titled: "PLAINITFF'S OPENING BRIEF IN SUPPORT OF VACATURE OF THE DECISION OF THE COMMISIONNER OF SOCIAL SECURITY ON A CLAIM FOR A PERIOD OF DISABILITY AND DISABILITY INSURANCE BENEFITS." (Doc. 22; Doc. 35.) But Plaintiff's Application is for Supplemental Security Income benefits—not Disability Insurance benefits. (R. at 16.) The Court will treat Plaintiff's second mistitled brief as a reply. (Doc. 35.)

## I. BACKGROUND

Plaintiff filed his Application for Supplemental Security Income benefits on June 2, 2014, alleging disability beginning August 1, 2003. (*Id.* at 151.) Plaintiff's claim was denied initially on September 15, 2014, and on reconsideration on April 29, 2015. (*Id.*) During a hearing before the ALJ on August 15, 2016, Plaintiff, through a representative, amended his disability onset date to December 6, 2013. (*Id.* at 15.) After the hearing, Plaintiff's claim was denied by the ALJ on November 23, 2016. (*Id.* at 148.) In response to Plaintiff's Request for Review, the Appeals Council vacated the unfavorable decision and remanded Plaintiff's case for a new hearing. (*Id.* at 14, 171.) On December 12, 2017, Plaintiff appeared before the ALJ for a new hearing, and on November 21, 2018 the ALJ again denied his claim. (*Id.* at 11–39.) Finally, on November 27, 2019, the Appeals Council denied Plaintiff's Request for Review of the ALJ's second decision. (*Id.* at 1–5.)

The Court has reviewed the medical evidence and will discuss the pertinent evidence in addressing the issues raised by the parties. Upon considering the medical evidence and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: lumbar and cervical spondylosis and degenerative disc disease; amputation of left great toe; bilateral rotator cuff tears, status post-repair of left shoulder; osteoarthritis of left shoulder; carpal tunnel syndrome; obesity; hammer toes on left foot; and impingement syndrome of right shoulder. (*Id.* at 18.)

Ultimately, the ALJ evaluated the medical evidence and testimony and concluded that Plaintiff was not disabled. (*Id.* at 28.) The ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id.* at 20.) Next, the ALJ calculated Plaintiff's residual functional capacity ("RFC"), finding:

> [Plaintiff] has the [RFC] to perform light work as defined in 20 CFR 416.967(b) except [Plaintiff] can occasionally operate foot controls with the left lower extremity and occasionally push and/or pull with the bilateral upper extremities and left lower extremity. He is able to occasionally climb ramps and stairs, but he can never climb ladders, ropes or scaffolds. He can occasionally balance, stoop, kneel, and crouch, but never crawl. He can

>occasionally reach overhead bilaterally, and frequently reach bilaterally in all other directions. He is able to frequently handle and finger bilaterally. He must avoid extreme temperatures, vibration, and hazards, including moving machinery, unprotected heights, and uneven terrain.

(*Id*. at 21.) Based on Plaintiff's RFC, the ALJ found "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform."

## II.   LEGAL STANDARDS

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404.  20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically

found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where she determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

### III.   ANALYSIS

Plaintiff raises three central arguments for the Court's consideration. First, Plaintiff argues the ALJ erred by concluding that he is not automatically disabled according to Listing 1.05. (Pl. Br. at 14–15.) Second, Plaintiff argues the ALJ erred by rejecting opinions from Plaintiff's treating physicians, Dr. Joseph Gutierrez and Dr. Shashi Goel. (*Id.* at 15–20.) Third, Plaintiff argues the ALJ erred by rejecting his symptom testimony. (*Id.* at 20–23.) Based on these errors, Plaintiff contends his case should be remanded for computation and award of benefits. (*Id.* at 23–25.)

For the reasons that follow, the Court rejects Plaintiff's arguments and finds that substantial evidence supports the ALJ's nondisability determination. First, substantial evidence supports the ALJ's conclusion that Plaintiff's impairments do not meet or equal Listing 1.05. Second, the ALJ provided specific and legitimate reasons supported by substantial evidence for rejecting Plaintiff's treating physicians' opinions. Finally, the ALJ correctly discounted Plaintiff's symptom testimony by providing specific, clear, and convincing reasons supported by substantial evidence.

**A.    The ALJ did not err by finding that Plaintiff is not disabled per se under Listing 1.05.**

Plaintiff argues that the "ALJ failed to consider the combination of [his] toe amputation with his obesity in evaluating whether [he] equals Listing 1.05." (*Id.* at 14.) Plaintiff argues that he meets Listing 1.05. (*Id.*) Plaintiff relies on Listing 1.05B, which requires amputation (due to any cause) of "[o]ne or both lower extremities at or above the tarsal region, with stump complications resulting in medical inability to use a prosthetic

device to ambulate effectively, as defined in 1.00B2b, which have lasted or are expected to last for at least 12 months." 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 1.05B. Plaintiff explains that "[a]lthough the area of [his] amputation differs from those in the listing, the intent of the listing is the same," and his great toe amputation combined with his obesity meet the listing since he cannot ambulate effectively. (Pl. Br. at 14.) According to Plaintiff, the ALJ's contrary conclusion is conclusory, unexplained, and generally relies on the ALJ's summary of the evidence without specificity. (*Id*. at 15–16.)

In order to be considered disabled per se under a listed impairment, a claimant must meet all the specified medical criteria in the listing. 20 C.F.R. § 404.1520(d); *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995). When making this determination, the "ALJ is responsible for . . . resolving ambiguities" in the evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Furthermore, an ALJ's determination is entitled to deference if it is supported by substantial evidence. *Moncada*, 60 F.3d at 523. Finally, the claimant bears the burden of proving that he is disabled per se. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

The Court rejects Plaintiff's arguments and finds that substantial evidence supports the ALJ's conclusion that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of" Listing 1.05. (R. at 20.) The ALJ expressly considered whether Plaintiff meets Listing 1.05 but found that Plaintiff does not have an amputation that the listing requires. (*Id*.) The ALJ also found that no medical expert opined that Plaintiff has an impairment or combination of impairments that meets any listing. (*Id*.) Finally, the ALJ expressly considered whether Plaintiff's obesity combines with another impairment to meet a listing and found it does not. (*Id*. at 21.) The ALJ findings are supported by the record. Significantly, and as Plaintiff acknowledges, Plaintiff did not suffer an amputation to a part of his body listed in Listing 1.05. (Pl. Br. at 14.) And although the ALJ must consider whether a combination of impairments meets a listing, the ALJ did so here, and the evidence supports her conclusion.

. . . .

Plaintiff's arguments to the contrary are unavailing. Plaintiff argues that the ALJ's finding was conclusory and relies on a general summary of the record rather than specific findings. (*Id*.) However, even if the ALJ's does not provide mechanical citation to all the evidence she relies on, the Court will not upset the ALJ's findings if her reasoning is reasonably discernable. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). Here, the Court can clearly discern that the ALJ relied on the lack of medical evidence or opinion opining that Plaintiff meets a listing. The Court is also unpersuaded by Plaintiff's argument that the ALJ improperly relied on the lack of a medical opinion finding that he meets a listing. (Pl. Br. at 14–15.) Plaintiff bases this argument on his unrepresented status following his first hearing and argues he "clearly did not have the capacity to request an opinion from his treating physicians whether he met or equaled a listing." (Pl. Br. at 15.) However, Plaintiff's argument is unsupported by the record since the record discloses several opinions from Plaintiff's treating physicians regarding his disability-status, including one from Dr. Goel shortly before Plaintiff's second hearing. (R. at 24–25, 1337.) Specifically, Dr. Goel's July 2017 opinion contains a review of Plaintiff's symptoms, his functional limitations, and his medications. (*Id*. at 1337.) So the deficit is not that Plaintiff could not secure a physician's opinion regarding his impairments, but that the opined-to impairments do not correspond to any listing.

**B.    The ALJ provided specific and legitimate reasons supported by substantial evidence for rejecting opinions from Plaintiff's treating physicians.**

Plaintiff's treating physicians Drs. Gutierrez and Goel provided several opinions regarding Plaintiff's functional limitations and his disability status. (*Id*. at 24–25.) The ALJ rejected these opinions for several reasons. Regarding Dr. Gutierrez's opinion, the ALJ found it was: (1) inconsistent and unsupported by the record as a whole; (2) stale since it was given shortly after Plaintiff's left-rotator-cuff surgery in October 2014; and (3) inconsistent with Plaintiff's improvement and conservative treatment. (*Id*. at 25.) As for Dr. Goel's several opinions, the ALJ rejected them because: (1) she opined to an issue—

disability status—reserved to the commissioner; and (2) Dr. Goel's opinions regarding Plaintiff's functional limitations were inconsistent with the medical evidence. (*Id*. at 24–25.) As discussed below, the Court finds that the ALJ provided sufficient reasoning supported by substantial evidence for rejecting the opinions Plaintiff's treating physicians.

When evaluating medical opinion evidence, "[t]he ALJ must consider all medical opinion evidence," and there is a hierarchy among the sources of medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who have treated a claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither examined nor treated the claimant are nonexamining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If a treating physician's opinion is not given controlling weight, then the ALJ must consider the relevant factors listed in 20 C.F.R. § 404.1527(c)(1)–(6) and determine the appropriate weight to give the opinion. *Orn*, 495 F.3d at 632. If a treating physician's opinion is contradicted by another doctor's opinion, the ALJ cannot reject the treating physician's opinion unless he provides specific and legitimate reasons that are based on substantial evidence in the record." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Here, substantial evidence supports the ALJ's rejection of Dr. Gutierrez's opinion. The ALJ was permitted to consider the timing of Dr. Gutierrez's opinion in considering its persuasiveness. *See* 20 C.F.R. § 404.1527(c)(2)(i) ("When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the medical source's medical opinion more weight . . ."). Dr. Gutierrez's opinion was offered only one day before Plaintiff's left-rotator-cuff repair. (R. at 665–666, 719.) Thus, it does not cover much of the relevant period, and the ALJ correctly rejected it as stale. Plaintiff does not contest this aspect of the ALJ's reasoning. Instead, Plaintiff challenges the ALJ's finding that Dr. Gutierrez's opinion was inconsistent with Plaintiff's improvement and the record as whole. (Pl. Br. at 16–18.) But regardless of the validity of the ALJ's other offered rationales, the ALJ's reliance on the timing of Dr. Gutierrez's opinion is unchallenged, sufficient, and supported by substantial evidence.

Substantial evidence also supports the ALJ's rejection of Dr. Goel's opinions. Initially, the ALJ correctly rejected Dr. Goel's opinions regarding the ultimate issue of disability, since that is an issue reserved to the Commissioner. *See* 20 C.F.R. § 416.927(d). As for Dr. Goel's opinions regarding Plaintiff's functional limitations, the ALJ's consideration that the opinions were inconsistent with the record was a permissible basis for rejecting the opinions and is supported by the evidence. *See* 20 C.F.R. § 404.1527(c)(4); *see also Berry v. Astrue*, 622 F.3d 1228, 1236 (9th Cir. 2010). The ALJ cited records which indicate Plaintiff's symptoms, though not absent, are improved and controlled with treatment. (R. at 25, 715, 1369–71, 1410.) The ALJ also cited records containing similar findings when analyzing Plaintiff's symptom testimony, which bolster her conclusion. (*Id.* at 22–24, 703, 728, 1344–45, 1409.)

Plaintiff essentially argues for a different interpretation of the medical evidence. (Pl. Br. at 18–20.) Though Plaintiff identifies findings contained within the records cited by the ALJ that are arguably consistent with Dr. Goel's opinions, this alone cannot unseat the ALJ's interpretation of the evidence. Ultimately, because the ALJ's interpretation of the medical evidence is a reasonable one supported by substantial evidence (a highly deferential standard of review) the Court defers to the ALJ's conclusion. *See Valentine v. Astrue*, 574 F.3d 685, 690 (9th Cir. 2009); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1194 (9th Cir. 2004) (declaring that when competing rational inferences can be drawn from the record, the ALJ's decision should be upheld).

Plaintiff also challenges the ALJ's evaluation of reviewing physician Dr. John Kwock's opinion because Plaintiff argues Dr. Kwock did not consider Plaintiff's obesity and carpal tunnel syndrome and did not explain his opinion. (Pl. Br. at 19–20.) Dr. Kwock's opinion does not specify whether he did not consider Plaintiff's obesity and carpal tunnel syndrome *at all*, or whether he simply found that neither was a legitimate impairment of Plaintiff's. (R. at 1399–1407.) Dr. Kwock reviewed Plaintiff's entire record where those impairments are described so the former prospect, as Plaintiff argues, appears unlikely. (*Id.* at 26.) Regardless, any error by the ALJ relying on his opinion would be inconsequential

because the ALJ did not adopt Dr. Kwock's opined-to RFC, but found Plaintiff was more restricted than Dr. Kwock contemplated. (*Id.* at 21, 26, 1399–1407.) Even if Dr. Kwock should have found Plaintiff more restricted than he did, his error did not affect the ALJ's conclusion. Thus, if the ALJ erred by relying on Dr. Kwock's opinion, that error would be harmless. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

### C. The ALJ provided specific, clear, and convincing reasons supported by substantial evidence for rejecting Plaintiff's symptom testimony.

The ALJ provided three primary reasons for discounting Plaintiff's symptom testimony. First, she found that "[t]he medical evidence of record does not substantiate that [Plaintiff]'s physical impairments prevent him from performing work [consistent with his RFC]." (R. at 22.) Second, Plaintiff treated certain impairments with only minimal and conservative treatment. (*Id.*) Third, Plaintiff's impairments have improved with treatment. The Court finds these reasons are sufficient to discount Plaintiff's testimony.

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ evaluates whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal quotation marks omitted)). If the claimant presents such evidence then "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014–15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). This is the most demanding standard in Social Security cases. *Id.* at 1015. "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005).

. . . .

First, the ALJ's finding that Plaintiff pursued only conservative treatment for certain impairments is a permissible basis for rejecting his testimony and is supported by substantial evidence. *See Parra v. Astrue*, 481 F.3d 742, 750–51 (9th Cir. 2007). The ALJ found Plaintiff "has had minimal and conservative treatment with respect to his hammertoe." (R. at 22.) More specifically, the ALJ noted that Plaintiff was advised to wear specialized footwear for treatment, but by the time of his hearing several months later, he had not done so. (*Id.* at 22, 55, 1335, 1394.) The ALJ also found Plaintiff sought only conservative treatment regarding his right-shoulder-related impairments. (*Id.* at 23.) Plaintiff was advised he could have surgery on his right shoulder six-months after his October 2014 left-shoulder surgery. (*Id.* at 23, 703.) But by April 2018, he still had not had surgery on his right-shoulder, he reported his pain was improving, and he declined further treatment. (*Id.* at 1409–10.) The ALJ also found that Plaintiff had not sought injection therapy, chiropractic treatment, or been a surgical candidate for his spinal impairments. (*Id.* at 23.) Because substantial evidence is a relatively low evidentiary threshold, the ALJ's conclusion is entitled to deference.

Second, the ALJ's finding that Plaintiff's improvement undermined his allegations is supported by substantial evidence. As discussed above, the ALJ also correctly relied on Plaintiff's improvement as a basis for discounting Dr. Goel's opinions. The ALJ's analysis applies with equal force to Plaintiff's symptom testimony. In addition to the findings discussed above, the ALJ also noted that Plaintiff's carpal tunnel syndrome improved with treatment. (*Id.* at 1368, 1410.) These findings, combined with the ALJ's other supporting records, are substantial evidence justifying the ALJ's discounting of Plaintiff's symptom testimony. (*Id.* at 703, 715, 728, 1344–45, 1369–71, 1409, 1410.)

Plaintiff's remaining arguments are unavailing. He argues that the ALJ did not explain her rejection of Plaintiff's symptom testimony. (Pl. Br. at 21–22.) The Court disagrees since three explanations for the ALJ's rejection of Plaintiff's testimony are readily ascertainable from the ALJ's opinion. Plaintiff actually responds to some of them, which further undermines his argument. Next, Plaintiff challenges certain findings and the

resulting conclusions drawn by the ALJ. Plaintiff argues that he could not have had merely conservative treatment since his physician recommended surgery. (*Id*. at 22.) However, Plaintiff did not undergo that surgery, and the ALJ's finding that Plaintiff sought only conservative treatment was, at least partly, based on Plaintiff's failure to seek recommended non-surgical modalities. (R. at 22–23.) Plaintiff also challenges the ALJ's reliance on certain activities of daily living to contradict his testimony, but the Court does not find that the ALJ did, in fact, rely on those activities to reject Plaintiff's testimony. (Pl. Br. at 23.)

Finally, Plaintiff argues that he exhausted treatment options and that the only remaining option was surgery, for which he was not a candidate. (*Id*. at 23.) But Plaintiff's argument confuses the issues. He was not a candidate for surgery for his hammertoes, but he did not pursue other treatment modalities. (R. at 55, 1335, 1339, 1345.) His ineligibility for surgery for his hammertoes was not one of the ALJ's reasons for discounting his allegations. Plaintiff was a candidate for right-shoulder surgery, and he did not undergo that surgery. (*Id*. at 703, 1409–10.) The ALJ relied on Plaintiff's decision to not have surgery on his right-shoulder as a basis for discounting Plaintiff's testimony. Finally, Plaintiff also reported improvement and declined treatment as recently as April 2018, so the medical evidence conflicts with his explanation for his discontinuing physical therapy. (*Id*. at 1410.)

IV.     **CONCLUSION**

Substantial evidence supports the ALJ's non-disability determination. The ALJ 's finding that Plaintiff does not have an impairment or combination of impairments that meets Listing 1.05 is supported by substantial evidence. So too are the ALJ's rejection of the opinions from Plaintiff's treating physicians and Plaintiff's symptom testimony.

**IT IS THEREFORE ORDERED** affirming the November 16, 2018 decision of the Administrative Law Judge (R. at 11–39), as upheld by the Appeals Council (R. at 1–5).

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and close this case.

Dated this 11th day of February, 2021.

_____
Honorable Diane J. Humetewa
United States District Judge